UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X (A/K/A CURTIS FULLER)
#211080,

        Plaintiff,

                              Case Number 2:16-CV-11899

      v.                       HONORABLE GEORGE CARAM STEEH
                                UNITED STATES DISTRICT JUDGE

LARRY BROWN, et. Al.,

        Defendants.

_____/

## <u>OPINION AND ORDER DISMISSING</u><br><u>COMPLAINT PURSUANT TO 28 U.S.C. § 1915(g)</u>

Plaintiff Raleem-X's (a/k/a Curtis Fuller)[1] has filed a *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner who is currently incarcerated

at the Marquette Branch Prison in Marquette, Michigan.  Upon review of the plaintiff's

case and his litigation history in the federal courts, this Court concludes that his civil

rights complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall

require the parties instituting any civil action, suit or proceeding in such court, whether

by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also*

---

[1]    The Court obtained this information from plaintiff's prior civil cases as well as from the
Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court can
take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).  A
prisoner cannot use an alias to circumvent the provisions of § 1915(g). *See e.g. Fuller v. Pcs Daily Dial
Phone Co.*, No. 2:15-CV-13620, 2015 WL 6438915, *2 (E.D. Mich. Oct. 23, 2015); *Robinson v. Stoddard,*
No. 1:13–CV–754; 2013 WL 3974715, * 1, n. 1 (W.D. Mich. Aug. 2, 2013).

*Owens v. Keeling,* 461 F. 3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000).

A search of federal court records indicates that plaintiff has four prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Fuller v. Gerth et al.,* No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012)*; Fuller v. Huss et al.,* No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012)*; Fuller v. Bouchard,* No. 2:04–cv–35 (W.D. Mich. Apr. 2, 2004)*; aff'd* No. 04–2217 (6th Cir. Sept. 30, 2005); *Fuller v. Calvin et al.,* No. 2:00–cv–225 (W.D.Mich. May 29, 2001)*; aff'd* 28 Fed. Appx. 390 (6th Cir. 2002).

In addition, plaintiff has been denied leave to proceed *in forma pauperis* at least four times under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals. *Raleem-X v. Brown,* No. 16-CV-10305, 2016 WL 465487 (E.D. Mich. Feb. 8, 2016)*, reconsideration denied sub nom. Raleem v. Brown,* No. 16-CV-10305, 2016 WL 1464961 (E.D. Mich. Apr. 14, 2016); *Fuller v. Pcs Daily Dial Phone Co.,* No. 2:15-CV-13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); *Fuller v. Sherve*, No. 1:12-CV-861, 2014 WL 1347430 (W.D. Mich. Apr. 4, 2014); *Fuller v. Caruso*, No.

2:12-CV-480, 2013 WL 1830856 (W.D. Mich. Apr. 30, 2013).

Under the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996), a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997)(Gadola, J.).  The three strikes provision of the PLRA prohibits a prisoner, who has had three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003)(Lawson, J.).  A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.  Moreover, the federal courts in general, and this Court in particular, can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996); *Anderson v. Sundquist*, 1 F. Supp. 2d 828, 830 (W.D. Tenn. 1998).

Plaintiff has at least four prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. In addition, plaintiff has subsequently been informed by numerous federal judges that he was precluded from proceeding *in forma pauperis* in these other civil rights actions pursuant to § 1915(g) because of these prior dismissals.

Plaintiff argues that several of his prior cases should not count as strikes under § 1915(g), because they were dismissed for failure to exhaust administrative remedies.

Plaintiff's argument was already rejected by Judge Ludington in denying plaintiff's motion for reconsideration in *Raleem v. Brown*, *Id.,* 2016 WL 1464961, at * 1 and by Magistrate Judge Brenneman from the Western District of Michigan when he discussed why plaintiff's prior dismissals counted as strikes in *Fuller v. Sherve*, *supra.* Magistrate Judge Brenneman noted that in *Fuller v. Calvin,* the district court dismissed plaintiff's Eighth Amendment claim without prejudice for failure to exhaust administrative remedies but dismissed his due process claim with prejudice and that this decision was affirmed on appeal. *Fuller v. Sherve*, 2014 WL 1347430, at * 2. Magistrate Judge Brenneman further noted that in the case of *Fuller v. Bouchard, supra*, the district court dismissed all but one of plaintiff's claims for failing to state a claim except for a First Amendment claim that was dismissed because it had yet to be exhausted. *Id.*

Where a civil rights complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal counts as a strike under 28 U.S.C. § 1915(g). *See Pointer v. Wilkinson*, 502 F.3d 369, 372–77 (6th Cir.2007). These two prior dismissals each counted as a strike. Plaintiff's argument is without merit.

Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his four prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 Fed. Appx. 470, 472 (6th Cir. 2002). Although plaintiff alleges that his life was threatened by prison staff while he was incarcerated at the Alger Maximum

-4-

Correctional Facility in 2000, this would be insufficient to invoke the imminent danger exception.  In order to come within the "imminent danger" exception contained in 28 U.S.C.§ 1915(g), a prisoner must show that "the threat or prison condition 'must be real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed.Appx. 796, 797 (6th Cir. 2008).  Assertions of past danger will not satisfy the imminent danger exception. *See Pointer v. Wilkinson*, 502 F.3d at 371, n. 1; *Rittner,* 290 Fed. Appx. at 797.  The imminent danger exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 Fed. Appx. 560, 562 (6th Cir. 2011).  Plaintiff's allegations fail to show that there is any imminent danger that is contemporaneous with the filing of this complaint.

Plaintiff's claim that he was deprived him of the right to practice his religion likewise fails to establish that he is in imminent danger of serious physical injury, so as to permit him to proceed *in forma pauperis* in spite of his prior frivolity dismissals. *Mulazim,* 28 Fed. Appx. 471-72.  Plaintiff's claim that the freezing of his prison account has resulted in the denial of his basic hygiene needs and has denied him his right of access to the courts does not fall within the imminent danger exception to 28 U.S.C.§ 1915(g). *See Peeples v. Bradshaw,* 110 Fed. Appx. 590, 591 (6th Cir. 2004).  Plaintiff's allegation that prison staff have asked him to be an informant against members of the Melanic Religious Faith does not satisfy the "imminent danger" exception under § 1915(g) in the absence of any any evidence of actual attacks or threats by other inmates or any documentary evidence of such imminent danger. *See Davis v. Rice*, 299 Fed. Appx. 834, 836 (10th Cir. 2008).

In addition, plaintiff's allegations of imminent danger are similar, if not the same, to allegations that he made and which were rejected in some of his prior cases. *Raleem-X v. Brown,* No. 16-CV-10305, at * 4 (E.D. Mich. Feb. 8, 2016), *Fuller v. Caruso,* No. 2:12-CV-480, 2013 WL 1830856, at * 2.  Plaintiff's allegations of imminent danger are completely unsupported by any evidentiary material and appear to be nothing more than "a thinly veiled rehashing" of similar claims made by plaintiff in prior lawsuits that were rejected by the judges in those cases. *See Chance v. Tennessee,* 47 Fed. Appx. 762, 763 (6th Cir. 2002).  Plaintiff's repeated allegations of imminent danger appear to be not only conclusory and unsupported, but downright delusional or irrational.  A district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Vandiver v. Prison Health Servs., Inc.,* 727 F. 3d 580, 585 (6th Cir. 2013).  Plaintiff is not entitled to invoke the imminent danger exception to § 1915(g), because his complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury or are delusional, irrational, or wholly incredible. *Rittner,* 290 Fed. Appx. at 798.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).  Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

Since the plaintiff has had more than three prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing *in*

-6-

*forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999).  The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

Finally, because plaintiff has been barred from filing this action without prepayment of fees pursuant to 28 U.S.C. § 1915(g), the Court will deny plaintiff's request for injunctive relief. *See e.g. Alea v. Dennis,* 83 Fed. Appx. 115 (6th Cir. 2003).

**ORDER**

IT IS HEREBY **ORDERED** that the plaintiff Raleem-X's *in forma pauperis* status is **DENIED** and the complaint [dkt # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

Dated:  June 9, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 9, 2016, by electronic and/or ordinary mail and also on Raleem-X #211080, Marquette Branch Prison, 1960 U.S. Hwy. 41 South, Marquette, MI 49855.

s/Barbara Radke
Deputy Clerk