UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X
(A/K/A CURTIS FULLER), # 211080,

        Plaintiff,

                         Case Number 2:16-CV-11899
v.                          HON. GEORGE CARAM STEEH
                         UNITED STATES DISTRICT JUDGE

LARRY BROWN, et. al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING
## THE MOTION FOR REHEARING (DKT. # 5)

    Plaintiff Raleem-X's (a/k/a Curtis Fuller)  filed a *pro se* civil rights

complaint pursuant to 42 U.S.C. § 1983.  On June 9, 2016, this Court

dismissed the complaint pursuant to 28 U.S.C. § 1915(g), because plaintiff

had four prior civil rights complaints that were dismissed by federal courts

for being frivolous, malicious, or for failing to state a claim upon which relief

could be granted and plaintiff had been denied leave to proceed *in forma*

*pauperis* at least four times under 28 U.S.C. § 1915(g), the "three-strikes"

rule, based on these prior dismissals. This Court also determined that

plaintiff failed to show he was in imminent danger of serious physical injury, so

as to permit him to proceed *in forma pauperis* in spite of his prior frivolity

dismissals.

Plaintiff has filed a motion for rehearing pursuant to Fed. R. Civ. P.

60(b),which is DENIED.

Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be

granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a
> prior judgment upon which it is based has been reversed or
> otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or,
> (6) any other reason justifying relief from the operation of the
> judgment.

The party that seeks to invoke Rule 60(b) bears the burden of establishing

that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381,

385 (6th Cir. 2001).  A Rule 60(b) motion is properly denied where the movant

attempts to use the  motion to relitigate the merits of a claim and the allegations

are unsubstantiated. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004).

A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief

when he or she simply rephrases the prior allegations that were contained in the

original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th

Cir. 2004).

In the present case, plaintiff's motion does not entitle him to relief, because it merely reiterates the allegations and arguments that he made in his original complaint. *See Johnson,* 357 F. 3d at 543. Plaintiff is merely attempting to relitigate an issue that was already decided against him adversely by this Court. The Court denies plaintiff's 60(b) motion for relief from judgment, because he failed to offer any arguments which this Court has not already previously considered and rejected when dismissing plaintiff's complaint. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). Accordingly, he is not entitled to relief from judgment.

IT IS **ORDERED** that the motion for rehearing [Dkt. # 5] is **DENIED.**

Dated: August 22, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2017, by electronic and/or ordinary mail and also on Raleem-X a/k/a Curtis Fuller #211080, Michigan Reformatory (RMI), 1342 W. Main, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk