UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X (a/k/a CURTIS
FULLER), # 211080,

       Plaintiff,

                                 Case Number 2:16-CV-11899
     v.                        HON. GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

LARRY BROWN, et. al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR A CERTIFICATE OF APPEALABILITY (DKT. # 7) AND THE MOTION FOR RELIEF FROM JUDGMENT (DKT. # 8)

Plaintiff Raleem-X (a/k/a Curtis Fuller) filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On June 9, 2016, this Court dismissed the complaint pursuant to 28 U.S.C. § 1915(g), because plaintiff had four prior civil rights complaints that were dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted and plaintiff had been denied leave to proceed *in forma pauperis* at least four times under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals. On August 22, 2017, the Court denied the motion for rehearing that he had brought pursuant to Fed. R. Civ. P. 60(b).

- 1 -

Plaintiff has now filed a motion for a certificate of appealability and a motion for relief from judgment. For the reasons that follow, the motions are DENIED.

The Court will deny plaintiff's motion for a certificate of appealability as moot. It is unnecessary for plaintiff to obtain a certificate of appealability before appealing the dismissal of a civil rights action brought pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. Because plaintiff's case was filed as a civil rights action under 42 U.S.C. § 1983, and not as a petition for writ of habeas corpus, plaintiff does not need to obtain a certificate of appealability prior to appealing this Court's decision or decisions. *See Johnson v. CCA-Northeast Ohio Correctional Center Warden,* 21 F. App'x. 330, 332 (6th Cir. 2001).

Plaintiff also filed a Rule 60(b) motion for relief from judgment, claiming that this Court erred in dismissing his complaint pursuant to 28 U.S.C. § 1915(g).

The Court rejects the 60(b) motion because it is untimely. Under Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for

the following reasons:

   (1) mistake, inadvertence, surprise, or excusable neglect;

   (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

   (4) the judgment is void;

   (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or,

   (6) any other reason justifying relief from the operation of the judgment.

Petitioner claims in his Rule 60(b) motion that this Court made a mistake in determining that one of his prior civil rights cases should count as a "strike," for purposes of 28 U.S.C. § 1915(g), because the case had been dismissed in part for failure to exhaust administrative remedies and not for being frivolous, malicious, or failing to state a claim upon which relief could be granted. Plaintiff's claim clearly falls within subsection (1) of Rule 60(b), based on this Court committing a mistake in dismissing his case pursuant to 28 U.S.C. § 1915(g).

"Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment." *In re G.A.D.,*

*Inc.*, 340 F. 3d 331, 334 (6th Cir. 2003)(citing Fed.R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F. 2d 380, 384 (6th Cir. 1991)).   This Court summarily dismissed the complaint on June 9, 2016.   Petitioner's motion for relief from judgment was signed and dated January 31, 2018 and filed with this Court on February 8, 2018.    Because plaintiff's Rule 60(b) motion for relief from judgment was filed more than one year after the Court summarily dismissed the complaint, plaintiff is not entitled to relief from judgment.

Moreover, even if the motion were timely, plaintiff would not be entitled to relief from judgment.   The party that seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.,* 250 F. 3d 381, 385 (6th Cir. 2001).   A Rule 60(b) motion should be denied where the movant simply seeks to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 F. App'x. 456, 458 (6th Cir. 2004).   A movant under Rule 60(b) also fails to demonstrate entitlement to relief when he or she simply reiterates the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

Plaintiff's motion does not entitle him to relief, because he merely

rehashes the allegations and arguments that he made in his original complaint. *See Johnson,* 357 F. 3d at 543. Plaintiff is again relitigating an issue that was already decided against him adversely by this Court. The Court denies plaintiff's 60(b) motion for relief from judgment, because he did not offer any arguments which this Court has not already previously considered and rejected when dismissing plaintiff's complaint. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). Accordingly, he is not entitled to relief from judgment.

IT IS **ORDERED** that the motion for a certificate of appealability [Dkt. # 7] and the motion for relief from judgment [Dkt. # 8] are **DENIED.**

Dated: February 15, 2018

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 15, 2018, by electronic and/or ordinary mail and also on Curtis Fuller a/k/a Raleem-X #211080, Michigan Reformatory, 1342 West Main Street, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk